IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN HORTON, #200 919, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO. 2:13-CV-152-TMH |
| | )                [WO] |
| KIM THOMAS, COMMISSIONER, | ) |
| *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a request for a preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. (*Doc. No. 1*). He seeks to enjoin Defendants from failing to comply with prison policy regarding staff security coverage and from engaging in racial discrimination and guard brutality. He further requests that Defendants enjoin inmate-on-inmate assaults and harassment. Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**I. DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the

harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer*, 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds that he fails to meet each of the prerequisites for the issuance of a preliminary injunction. In addition to failing to provide any evidentiary support for his motion, Plaintiff has also not alleged that he will suffer specific and irreparable harm if an injunction is not issued. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." *Northeastern*

*Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)); *see also Church*, 30 F.3d at 1337 (In order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."). *See also Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa. 1995) ("the claimed injury cannot merely be possible, speculative or remote."). Furthermore, it is impossible to determine what Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on Defendants and whether issuing one would harm the public interest. The undersigned, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (*Doc. No. 1*) be DENIED.

It is further

ORDERED that on or before **March 28, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of March, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE